UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

JOSHUA ALAN DAVIS,
    Plaintiff,
  v.
                             C.A. No. 11-465-S
A.T. WALL, et al.,
    Defendants.

---

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Before this Court is a Complaint (ECF No. 1) (the "Complaint") filed by Plaintiff Joshua Alan Davis, pro se, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, seeking declaratory, injunctive, and monetary relief pursuant to 42 U.S.C. § 1983 and related statutes.

This Court has screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and finds that it fails to state a claim for which relief may be granted, for the reasons discussed below.[1]

I. The Complaint

In his Complaint, Plaintiff make three claims: (1) that, on certain specified dates between July 2006 and July

---

[1] Plaintiff has also filed an application to proceed in forma pauperis ("IFP application") (ECF No. 2), which is addressed infra.

2011, he was unjustly disciplined by the disciplinary board at the ACI's High-Security Center ("HSC"), in violation of his due process rights; (2) that the HSC failed to comply with Rhode Island Department of Corrections ("RIDOC") policy concerning governing recreation; and (3) that he was assaulted by another prisoner in December 2009, "when Officer John Doe left the block unmanned." The sole defendants named are Ashbel T. Wall, Director of the RIDOC, and "John Doe, RIDOC Correctional Officer in Maximum Security" at the ACI.

For relief, Plaintiff requests that his disciplinary record be expunged and he be awarded damages for time spent in segregation as a result of the disciplinary board's illegal actions; that this Court order the RIDOC to comply with its own policy regarding recreation; and that he be awarded damages for the assault.

II. Discussion

    A. Screening under § 1915(e)(2) and § 1915A

In connection with proceedings in forma pauperis, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, inter alia, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, § 1915A directs courts to screen complaints filed by prisoners against a governmental

2

entity, officer, or employee, and to dismiss the complaint, or any portion thereof, for reasons identical to those set forth in § 1915(e)(2).  See 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and/or § 1915A is identical to the legal standard used when ruling on a Rule 12(b)(6) motion.  See Pelumi v. Landry, C.A. Nos. 08-084 ML, 08-085 ML, 08-086 ML, 08-087 ML, 08-105 ML, 08-106 ML, 08-107 ML, 2008 WL 2660968, at *2 (D.R.I. June 30, 2008); see also Feeney v. Corr. Med. Servs., Inc., 464 F.3d 158, 161 n.3 (1st Cir. 2006) (noting that § 1915(e)(2)(B)(ii) authorizes a district court, sua sponte, to dismiss a pro se IFP complaint if the court determines that it fails to state a claim on which relief may be granted).  In making this determination, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. Although the Court must review pleadings of a pro se plaintiff liberally, Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Court need not credit bald assertions or unverifiable conclusions.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" Id. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 8(a)(2).

B. Review of Claims

In its present form, the instant Complaint fails to state a claim for relief as to any of its three asserted claims.[2] As to the first claim, Plaintiff alleges unspecified violations of his due process rights by the HSC disciplinary board on certain dates: July 21, 2006; September 21, 2006; January 18, 2007; September 5, 2007; February 9, 2009; February 19, 2010; and July 19, 2011. He does not describe the nature of those alleged violations or the specific actions taken by the board, nor does he specify the individuals responsible for taking those actions. Plaintiff's claims concerning the incidents occurring in 2006 and 2007 are barred by the pertinent Rhode Island statute of limitations, as they occurred more than three years prior to the filing of his Complaint. See R.I. Gen. Laws § 9-1-14(b); Street v. Vose, 936 F.2d 38, 40 (1st Cir. 1991) (stating that § 1983 civil rights claims

---

[2] Although 42 U.S.C. § 1983 is not expressly invoked in the Complaint, this Court construes all of his claims as brought under that provision. See Edwards v. City of New York, No. 10-CV-01047, 2011 WL 5024721, at *2 (E.D.N.Y. Oct. 18, 2011) (liberally construing complaint to assert § 1983 claims).

4

are governed by statute of limitations for personal injury actions in state where federal court is located); Doctor v. Wall, 143 F. Supp. 2d 203, 210 (D.R.I. 2001) (noting that prisoner § 1983 actions are governed by three-year limitations period set forth in § 9-1-14) (adopting Report and Recommendation by Hagopian, M.J.).

As to the alleged violations on the remaining dates, given the lack of any detail concerning those incidents, this Court is unable to determine whether it is viable. Moreover, Plaintiff does not state what the disciplinary board did and how his rights were violated. In addition, there are no allegations of specific actions by Defendant Wall, and Wall has no vicarious liability in his capacity as director of RIDOC. See Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009) (stating that, although supervisory officials may be liable on the basis of their own acts or omissions, such officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior" (citing Iqbal, 129 S. Ct. at 1948)). No other defendants are named in connection with this claim. As such, this claim is deficient on its face.

Plaintiff's second claim, which alleges the HSC's noncompliance with "DOC Policy governing Recreation," is

likewise devoid of any details.  It fails to describe the recreation policy in question, the nature of the board's alleged noncompliance, the specific individuals involved, and how Plaintiff was specifically harmed by the noncompliance.  It is axiomatic that a "plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief."  Sanchez, 590 F.3d at 41 (citing Iqbal, 129 S. Ct. at 1949).

Plaintiff's final claim, that he was assaulted by another inmate upon being transferred to ACI's maximum-security unit from the HSC protective custody unit in December 2009, also falls short.  He fails to describe the nature of the assault, the identity of either the inmate or the correctional officer who allegedly left Plaintiff's cell block unguarded, or what, if any, injuries he suffered as a result of the assault.  As such, this claim is insufficient to state a claim.  See id.

In short, Plaintiff has failed to provide the requisite detail as to any of his three claims to permit them to go forward, nor has he named any proper defendants.  In view of the foregoing shortcomings, the instant Complaint must be dismissed without prejudice.

III. Conclusion

Because there are no properly-named defendants and the allegations in the Complaint fail to state a claim on which relief may be granted, the Complaint is hereby DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as against all Defendants.

Plaintiff's Application to Proceed In Forma Pauperis in this matter is likewise DENIED as moot.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: March 13, 2012